UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| SIMON BOYD, et al., | ) |
| Plaintiffs, | ) Civil No. 13-136-ART |
| and | ) |
| KENTUCKY EMPLOYER'S MUTUAL INSURANCE COMPANY, | ) |
| Intervenor Plaintiff, | ) **MEMORANDUM OPINION AND ORDER** |
| v. | ) |
| JOHN DOE DEFENDANT(S), et al., | ) |
| Defendant(s). | ) |
| MESSER CONSTRUCTION COMPANY, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| ELLIOTT CONTRACTING, INC., | ) |
| Third-Party Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

When is a tort claim for a workplace injury not a valid cause of action? The answer in Kentucky is when the Workers' Compensation Act forecloses the tort claim. The Act shields general contractors from liability for an employee's common law tort claims for workplace injuries when a subcontractor provides workers' compensation payments. But is

this true even where the general contractor only assigns an ancillary or unimportant task to the subcontractor? Under the plain terms of the Act, the importance of the subcontractor's job is not relevant to establishing the general contractor's immunity from suit.

## BACKGROUND

Plaintiff Simon Boyd ("Boyd") seeks compensatory and punitive damages for injuries that he sustained while working on a construction job spearheaded by Defendant Messer Construction Company ("Messer"). *See* R. 73-2 at 5–6 (Complaint). His wife, Beth Boyd, seeks damages for loss of consortium. *Id.* The parties do not dispute the following facts. Messer was involved in constructing the Pikeville Medical Center. *See* R. 73-2 at 2 (Complaint ¶ 4); R. 73-3 at 10–11 (Deposition of Robby Cashen, Senior Superintendent at Messer). Messer subcontracted part of its work on the project to Elliott Contracting ("Elliott"). R. 73-3 at 53. Specifically, Messer tasked Elliott with installing heating, ventilation, and air conditioning (HVAC), plumbing, and electrical systems. *Id.* Elliott carried out its subcontract through its employees, one of whom was Simon Boyd. *See* R. 73-2 at 2 (Complaint ¶ 4); R. 73-2 at 18. On January 14, 2013, Boyd returned from a break at work, walked into a dark area of the construction site, and fell six feet into an elevator shaft. R. 73-2 at 2 (Complaint ¶ 4). Boyd collected worker's compensation payments from Elliott. R. 73-4 at 5 (Exhibit 4 – Answers to Interrogatories). Because Messer and Elliott were in a contractor-subcontractor relationship, the Kentucky Workers' Compensation Act bars the Boyds' claims against Messer.

## DISCUSSION

To prevail on summary judgment, Messer must show that there is no genuine issue of material fact concerning its immunity from tort liability under Kentucky law. *See* Fed. R.

2

Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding that summary judgment is appropriate when the moving party is entitled to judgment as a matter of law). Under the Kentucky Workers' Compensation Act ("Act"), an employer who has secured workers' compensation is immune from an employee's civil action. *See* Ky. Rev. Stat. Ann. § 342.690(1) (West 2014). An "employer" includes a contractor who subcontracts portions of its projects. *Id.*; *see also Labor Ready., Inc. v. Johnston*, 289 S.W.3d 200, 204–05 (Ky. 2009) (noting that a principal contractor is immune from a tort claim by a subcontractor's employee if both are operating under the Act) (citing *McEvilly v. L.E. Myers Co.*, 211 Ky. 31 (1925)). Such a contractor is not liable to an injured employee for any payments where its subcontractor "has secured the payment of compensation." Ky. Rev. Stat. Ann. § 342.610. Neither party disputes that Elliott secured and paid workers' compensation insurance to Boyd. *See* R. 73-1 at 2; R. 77. Accordingly, Messer's liability to Boyd turns on whether Messer is a "contractor" under the Act.

## I. Messer is a "Contractor" Shielded From Liability by the "Up-The-Ladder" Immunity Provisions of the Kentucky Workers' Compensation Act.

Whether Messer is a contractor under the Act turns on whether it assigned to Elliott work that is "of a kind which is a regular or recurrent part of the work of [its] trade, business, occupation, or profession." Ky. Rev. Stat. Ann. § 342.610(2)(b). On this point, both parties seem to agree—at least initially. Messer and Boyd both acknowledge that "regular or recurrent" work is "of a kind that the business . . . would normally . . . be expected to perform with employees." *See* R. 73-1 at 4; R. 77 at 3. They even cite to the same Kentucky Supreme Court case for this rule: *General Electric Co. v. Cain*, 236 S.W.3d 579, 588 (Ky. 2007). But that is the extent to which the parties share common ground. Boyd claims that

Elliott's jobs to install HVAC, plumbing, and electrical systems are not "regular or recurrent" parts of Messer's business since Messer habitually contracts those jobs away. R. 77 at 3 (citing to R. 73-3 at 57–58 (Cashen Deposition)). In his argument, Boyd highlights this apparent Catch-22: If Messer *never* performs a job using its own employees, how can the job possibly *ever* be considered a "regular or recurrent" part of its business such that Messer is a contractor under the Act?

Luckily, the Kentucky Supreme Court has already spoken to this issue. A business that never actually performs a particular job with its own employees "can still come within KRS 342.610(2)(b)." *Doctors' Assocs., Inc. v. Uninsured Employers' Fund*, 364 S.W.3d 88, 92 (Ky. 2011) (quoting *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 462 (Ky. 1986)). As long as the company contracts away a job it is expected to perform—even if it never actually performs the job—the company can be considered a "contractor" that reassigned "regular or recurrent" work. *Id.* For example, installing HVAC, plumbing, and electrical systems are jobs that a construction company is expected to perform. *See Cain*, 236 S.W.3d at 587–88 (citing Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law, § 70.06[3] (2006)). And Messer is such a construction company. *See* R. 73-1 at 60 (Cashen Deposition). Accordingly, as a matter of law, installing HVAC, plumbing, and electrical systems are Messer's "regular or recurrent" jobs. By reassigning these jobs to Elliott, Messer falls under the Act's definition of "contractor."

Still, Boyd disagrees. In an attempt to raise a genuine issue of material fact, Boyd proposes a novel requirement for a contractor-subcontractor relationship under Kentucky law. He claims that Elliott should have performed work that was "fundamental and essential" to the construction project in order for Messer to be considered a contractor under

4

the Act. And Boyd claims that Elliott did not perform such "fundamental or essential" work in the Pikeville Medical Center construction project because some portions of the medical center did not require heating and ventilation systems. R. 73-1 at 4–5 (pointing to testimony from the Cashen deposition to indicate that the parking garage did not require a heating and ventilation system). Because all of Elliott's services were not needed in all areas of the construction project, Boyd argues that Elliott's work was "ancillary" to the construction in this matter. *Id.* So, says Boyd, Messer did not contract with Elliott to perform the type of work that would allow Messer to be considered a contractor under the Act.

Boyd's point has no merit. First, as a matter of common sense, it cannot be that a contractor under the Act must require its subcontractors to perform their jobs in every nook and cranny of a construction site. Two companies can form a contractor-subcontractor relationship even if the subcontractor, for example, only installs plumbing in the bathrooms and not in areas that need no plumbing.

Moreover, Boyd cites no law to support his claim that a company must subcontract "essential" work in order to be considered a contractor under the Act. The plain language of the Act clearly does not include such a requirement. *See* Ky. Rev. Stat. § 342.610(2)(b) (defining a contractor as a business that contracts with another to have work performed that is merely "a regular or recurrent part" of its business). And where the language of the statute is clear, a court must interpret the statute based on the text alone. *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005) (noting that if the meaning of a statute is plain, then "the court cannot base its interpretation on any other method or source"). It is a cardinal principle of statutory interpretation that courts "are not at liberty to supply words, insert phrases, or make additions to statutory language to cure a possible omission."

*Commonwealth v. Harrelson*, 14 S.W.3d 541, 545–546 (Ky. 2000). And the Court would have to read an extra requirement into the plain language of the Act if it denied Messer's status as a contractor on the basis of delegating "unimportant" jobs to Elliott. Such a construction would undoubtedly violate the basic rule against adding words or phrases to a statute and would tread on the prerogative of the legislature to write statutes. *See JP Morgan Chase Bank, N.A. v. Longmeyer*, 275 S.W.3d 697, 702 n.10 (Ky. 2009) (noting that courts are not "empowered to rewrite statutes to suit our notion of sound public policy when the General Assembly has clearly and unambiguously established a different notion"). Accordingly, no "genuine issue of material fact" exists about Messer's status as a contractor.

II. **The Boyds Cannot Prevail on Their Direct or Derivative Claims Against Messer, a Statutory Employer.**

A general contractor is a "statutory employer" under the Kentucky Workers' Compensation Act. *See Doctors' Associates, Inc. v. Uninsured Employers' Fund,* 364 S.W.3d 88, 91 (Ky. 2011) (explaining that under Ky. Rev. Stat. § 342.610(2)(b), an up-the-ladder general contractor is considered the statutory employer of its subcontractor's employees). Because Messer is a general contractor, it is an employer—and Boyd is its employee—as a matter of law. *See also* R. 77 at 1 (agreeing that Boyd was an employee of Elliott). And as long as an employee receives workers' compensation payments, the Act shields both direct and statutory employers from tort liability. *Id.* (citing Ky. Rev. Stat. § 342.690(1)). Boyd has not marshalled any facts that would call into question this conclusion, so Messer is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 323. Accordingly, Messer is immune to Boyd's tort claims.

Because Messer is shielded from liability for Simon Boyd's direct tort claims due to up-the-ladder immunity, it is also immune to Beth Boyd's derivative claims. *See* Ky. Rev. Stat. Ann. § 342.690(1) (finding that workers' compensation is an exclusive remedy that replaces the tort liability an employer would have to an injured employee's wife); *see also Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844 (Ky. 2001) (holding that claims for loss of consortium are barred by the provisions of Ky. Rev. Stat. Ann. § 342.690(1)). Accordingly, Messer faces no common-law liability in this action.

## CONCLUSION

Messer's status as a general contractor provides immunity from tort liability under the Kentucky Workers' Compensation Act. This is true whether the work assigned to Elliot is ancillary or not. Because the Boyds failed to raise any factual issue that would call into question Messer's status as a contractor shielded by up-the-ladder immunity, summary judgment is proper. Accordingly, Messer's motion for summary judgment, R. 73, is **GRANTED.**

This the 15th day of October, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge